NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 27 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30177 |
| Plaintiff-Appellee, | D.C. No. 1:21-cr-00035-SPW-1 |
| v. | |
| ANGELO COREY STACKHOUSE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted December 4, 2023
Portland, Oregon

Before: BERZON, NGUYEN, and MILLER, Circuit Judges.

Angelo Corey Stackhouse appeals his conviction for kidnapping an Indian

person within the boundaries of a reservation, in violation of 18 U.S.C. §§ 1152,

1201(a)(1)–(2), 1201(g), and 3559(f)(2).[1] He contends that the district court erred

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[1] We address in a contemporaneously filed opinion Stackhouse's issues
concerning convictions for kidnapping a minor using a means or instrumentality of
interstate commerce, 18 U.S.C. §§ 1201(a)(1), 1201(g), and 3559(f)(2), and

1

in admitting the victim's text messages into evidence under the excited utterance exception to the hearsay rule. *See* Fed. R. Evid. 803(2). "We review the district court's decision to admit or exclude evidence for an abuse of discretion." *United States v. Edwards*, 235 F.3d 1173, 1178 (9th Cir. 2000).

A statement qualifies as an excited utterance if three conditions are met. *United States v. Alarcon-Simi*, 300 F.3d 1172, 1175 (9th Cir. 2002). First, "[t]here must be some occurrence, startling enough to produce this nervous excitement and render the utterance spontaneous and unreflecting." *Id.* (alteration in original) (emphasis and quotation marks omitted). Second, "[t]he utterance must have been before there had been time to contrive and misrepresent," that is, while still under the influence of the exciting event. *Id.* (alteration in original) (emphasis and quotation marks omitted). Third, "[t]he utterance must relate to the circumstances of the occurrence preceding it." *Id.* (alteration in original) (emphasis and quotation marks omitted). Stackhouse challenges only the second condition.

The district court did not abuse its discretion in admitting text messages sent by the victim to her cousin minutes after Stackhouse assaulted her. In assessing whether the excited utterance exception applies, we consider factors including "the age of the declarant, the characteristics of the event and the subject matter of the

---

transporting a person interstate with intent to engage in illegal sexual activity, 18 U.S.C. § 2421(a).

2

statement," in addition to the statement's timing. *United States v. Rivera*, 43 F.3d 1291, 1296 (9th Cir. 1995). Here, the victim was 11 years old at the time of the incident, while Stackhouse was several decades older. Stackhouse lured the victim to a hotel room under false pretenses, where he forcefully kissed her, attempted to take off her pants, choked her, and threatened her with death. The victim sent the relevant messages, which concerned the assault and the victim's fear that Stackhouse would see her if she left the hotel room, within four minutes of Stackhouse leaving the hotel room. Finally, the cousin testified that the victim was visibly upset and crying when she appeared minutes after sending the messages. The record thus supports the conclusion that the victim was still "under the stress of excitement" caused by the assault when she sent the messages. *Alarcon-Simi*, 300 F.3d at 1175. The challenged evidence was properly admitted. For that reason, the defendant's conviction under Count VI is **AFFIRMED**.